**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Cross, a single man; Fernando Rapp, a married man; Luis Rosales, a single man; on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Superior Home Maintenance, L.L.C., an Arizona limited liability company; Michael R. Forest and Jane Doe Forest, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs, Darin Cross, Fernando Rapp, Luis Rosales, and all similarly situated employees ("Plaintiffs and all similarly situated employees"), on behalf of themselves and other employees and former employees similarly situated ("Plaintiffs and all similarly situated employees and all similarly situated former employees"), for their Complaint against Defendants Superior Home Maintenance, L.L.C. an Arizona limited liability company; Michael R. Forest and Jane Doe Forest, husband and wife, allege as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiffs and all similarly situated employees bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three (3) years prior to the filing of this action, Plaintiffs worked at least five to ten (5-10) hours in excess of forty (40) hours per week and were not paid time and a half.

6. Plaintiffs and all similarly situated employees seek to recover unpaid overtime compensation, regular wage compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

11. At all times material hereto, Superior Home Maintenance, LLC was incorporated in the State of Arizona and has its principal place of business at 625 South Smith Road, #12, Tempe, Arizona 85281.

12. Upon information and belief, and consistent with information provided by the Arizona Corporate Commission, Defendant Michael Forest owns Defendant Superior Home

Maintenance L.L.C. and made all managerial and ownership decisions and behalf of the L.L.C.

13. Upon information and belief, at all times material hereto, Defendant Forest was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Forest is the fictitious name for Michael Forest's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Michael and Jane Doe Forest have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15. At all relevant times, Plaintiff and all similarly situated employees were "employees" of Superior Home Maintenance, as defined by 29 U.S.C. §203(e)(1).

16. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Superior Home Maintenance.

17. At all relevant times, Superior Home Maintenance was and continues to be an employer as defined in 29 U.S.C. § 203(d).

18. On information and belief, Defendant Michael Forest is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant Superior Home Maintenance for all matters.

19. At all times material to this action, Superior Home Maintenance was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

20. Upon information and belief, at all relevant times, the annual gross revenue of Superior Home Maintenance exceeded $500,000.00.

21. The additional persons who may become Plaintiffs in this action "worked" for

Superior Home Maintenance, held similar positions as non-exempt employees as Plaintiff, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as independent contractors.

22. As required by 29 U.S.C. § 216(b), Plaintiffs' Consent to Become a Party Plaintiff will be filed contemporaneously to this Complaint.

## FACTUAL BACKGROUND

23. Superior Home Maintenance specializes in home cleaning services.

24. Superior Home Maintenance hired Plaintiff Darin Cross as a non-exempt hourly paid home cleaner from approximately October 2000 through July 14, 2012.

25. Plaintiff Cross's job responsibilities included home maintenance and new home cleaning post construction.

26. Plaintiff Cross was paid a rate of $11 per hour.

27. Defendants paid Plaintiff Cross on an expected completion time basis. Defendants would estimate the time it would take to finish a job and Plaintiff Cross would be paid on that basis.

28. For example, if Plaintiff Cross was given a home with an expected completion time of five hours and had two other cleaners with him; Plaintiff would have been paid for 1.67 hours at $11 per hour (five hour estimated completion time divided by three employees).

29. Plaintiff Cross was given an assignment list each day to complete; usually that consisted of 12-16 hour days and at least five days per week.

30. Superior Home Maintenance hired Plaintiff Fernando Rapp as a non-exempt hourly paid home cleaner from approximately January 2010 through September 23, 2011.

31. Plaintiff Rapp's job responsibilities included home maintenance and new home cleaning post construction.

32. Plaintiff Rapp was initially paid a rate of $10.00 per hour which was reduced to $9.00 per hour.

33. Defendants paid Plaintiff Rapp on an expected completion time basis. Defendants would estimate the time it would take to finish a job and Plaintiff Rapp would be paid on that basis.

34. Plaintiff Rapp was given an assignment list each day to complete; usually that consisted of 12-16 hour days and at least five days per week.

35. Superior Home Maintenance hired Plaintiff Luis Rosales as a non-exempt hourly paid home cleaner from approximately September 2010 through August 20, 2012.

36. Plaintiff Rosales's job responsibilities included home maintenance and new home cleaning post construction.

37. Plaintiff Rosales was initially paid a rate of $14 per hour.

38. Defendants paid Plaintiff Rosales on an expected completion time basis. Defendants would estimate the time it would take to finish a job and Plaintiff Rapp would be paid on that basis.

39. Plaintiff Rosales was given an assignment list each day to complete; usually that consisted of 12-16 hour days and at least five days per week.

40. Plaintiffs were non-exempt employees.

41. Plaintiffs were not managers.

42. Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

43. From February of 2008 and continuing through the present, Defendants failed to properly compensate Plaintiffs and all similarly situated employees for any of their overtime hours.

44. During this time, Plaintiffs and all similarly situated employees were regularly scheduled to work approximately 50-75 hours per week. Plaintiffs also routinely worked additional shifts.

45. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiffs and all similarly situated employees are in the possession and custody of the Defendants.

46. Superior Home Maintenance's failure and/or refusal to properly compensate Plaintiffs and all similarly situated employees at the rates and amounts required by the FSLA were/was willful.

47. Superior Home Maintenance refused and/or failed to properly disclose to or apprise Plaintiffs and all similarly situated employees of their rights under the FLSA.

48. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §206**

49. Plaintiffs incorporate and adopt paragraphs 1 through 48 above as if fully set forth herein.

50. Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiffs and all similarly situated employees at least the amount of the federal minimum wage, when those wages were due for each hour plaintiffs worked.

51. Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs and all similarly situated employees at least the amount of the federal minimum wage, when those wages were due.

52. Plaintiffs and all similarly situated employees are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

53. Plaintiffs and all similarly situated employees have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

54. Plaintiffs seek to represent all similarly situated employees to whom Defendant refused to pay the federal minimum wage when due pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs and all similarly situated employees compensation in the

amount due to them for unpaid minimum wages in an amount proved at trial;

b. Awarding Plaintiffs and all similarly situated employees liquidated damages in an amount equal to the award;

c. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs and all similarly situated employees' costs incurred in this action;

e. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiffs an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 29 U.S.C. § 216(b), to those similarly situated to Plaintiff; and

h. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

55. Plaintiffs incorporate and adopt paragraphs 1 through 54 above as if fully set forth herein.

56. While employed at Defendant Superior Home Maintenance, Plaintiffs and all similarly situated employees consistently and regularly worked multiple hours of overtime a week.

57. Superior Home Maintenance has intentionally failed and/or refused to pay Plaintiffs and all similarly situated employees overtime according to the provisions of the FLSA.

58. Superior Home Maintenance further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees in accordance with § 207 of the FLSA.

59. There are numerous similarly situated employees and former employees of DMTS who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

60. The similarly situated employees are approximately over 100 present and former employees who have the same job description as Plaintiffs and perform the same or similar job functions.

61. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Superior Home Maintenance's records.  Specifically, all current employees and former employees of Defendant who have been employed with Superior Home Maintenance in the roles of home cleaners would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

62. As a result of Superior Home Maintenance's violations of the FLSA, Plaintiffs and all similarly situated employees have suffered damages by failing to receive compensation

in accordance with § 207 of the FLSA.

63. Under 29 U.S.C. §216 Defendants are liable to Plaintiffs and all similarly situated employees for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

64. In addition to the amount of unpaid wages owed to Plaintiffs and all similarly situated employees are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

65. Superior Home Maintenance's actions in failing to compensate Plaintiffs and all similarly situated employees, in violation of the FLSA, were willful.

66. Superior Home Maintenance has not made a good faith effort to comply with the FLSA.

67. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiffs and all similarly situated employees overtime compensation in the amount due to him for all of Plaintiffs and all similarly situated employees 's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs and all similarly situated employees 's regular rate while at work at Defendant Superior Home Maintenance;

    b. Awarding Plaintiffs and all similarly situated employees liquidated damages

in an amount equal to the overtime award;

c. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs' and all similarly situated employees 's costs incurred in this action;

e. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLATORY JUDGMENT

68. Plaintiffs incorporate and adopt paragraphs 1 through 67 above as if fully set forth herein.

69. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

70. The Court has jurisdiction to hear Plaintiffs and all similarly situated employees'

request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

71. Plaintiffs and all similarly situated employees may obtain declaratory relief.

72. Defendant employed Plaintiffs and all similarly situated employees.

73. Defendant is an enterprise covered by the FLSA.

74. Plaintiffs were individually covered by the FLSA.

75. On certain occasions, Plaintiffs and all similarly situated employees were not compensated at a rate of at least minimum wage for work performed for Defendants.

76. Plaintiffs and all similarly situated employees are entitled to overtime wages pursuant to 29 U.S.C. §207.

77. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

78. Plaintiffs and all similarly situated employees are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

79. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

80. It is in the public interest to have these declarations of rights recorded as Plaintiffs and all similarly situated employees' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

81. The declaratory judgment action further terminates and affords relief from

uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.
   b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.
   c. For Plaintiffs' costs incurred in this action.
   d. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
   e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  March 6th, 2013			Respectfully submitted,

					**PHILLIPS DAYES LAW GROUP PC**

					     /s/ Trey  Dayes_____
					Trey Dayes
					treyd@phillipslaw.com
					Attorney for Plaintiffs